**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------- x
OFF-WHITE LLC,

                 Plaintiff,

   -v-

6014350, et al.,

                 Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 5322 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Off-White LLC ("Off-White") brings this action against various entities that it alleges are infringing on its trademarks through sales of counterfeit goods over the Internet. 108 defendants have defaulted ("Defaulting Defendants") and now Plaintiff moves for default judgment—specifically, for (1) entry of a final judgment and permanent injunction by default; (2) individual statutory damages pursuant to 15 U.S.C. § 1117(c) and post-judgment interest calculated pursuant to the statutory rate; (3) a post-judgment asset restraining order and (4) an order authorizing the release and transfer of Defaulting Defendants' frozen assets to satisfy the damages awarded.

    Before this Court is Magistrate Judge Gorenstein's November 4, 2020 Report and Recommendation ("Report," ECF No. 51), recommending that this Court grant Plaintiff's motion for default judgment. In his Report, Magistrate Judge Gorenstein advised the parties that a failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 15-16.) No objections have been filed. Plaintiff's Motion for a Default Judgment is GRANTED.

1

## I. FACTUAL BACKGROUND[1]

Off-White is the owner of a young, successful and high-end lifestyle streetwear line of men's and women's apparel, as well as accessories, jewelry, furniture and other ready-made goods (collectively, 'Off-White Products'). (Report at 3-4.) The Off-White Products are marketed under the trademarks Off-White™ and Off-White c/o Virgil Abloh™, and retailers, retail buyers, consumers, and the public have become familiar with such products. (*Id.* at 4.) Defaulting Defendants conduct business in the United States through their accounts and storefronts on eBay.com. (*Id.*) Defaulting Defendants' businesses all sell counterfeit Off-White products. (*Id.*) These products are shipped to consumers in the United States, including New York. (*Id.*) Defaulting Defendants are not authorized by Off-White to copy, sell, advertise, or otherwise disseminate the Off-White marks. (*Id.*) Defaulting Defendants' counterfeit products are "nearly indistinguishable" from Off-White Products. (*Id.*) In selling counterfeit products, Defaulting Defendants violated Off-White's rights in its marks. (*Id.*)

## II. LEGAL STANDARD

### A. Report and Recommendation

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v.*

---

[1] The procedural and factual background is set forth in greater detail in the Report and is incorporated by reference herein.

*City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

## B. Default Judgment

Under Rule 55(a) of the Federal Rules of Civil Procedure, default occurs "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Where a defendant has willfully defaulted, the district court must accept as true the well-pleaded allegations of the complaint. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) ("Default is an admission of all well-pleaded allegations against the defaulting party."). Nonetheless, the court is still "required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Finkel*, 577 F.3d at 84). Under Rule 55(b)(2), the decision of whether a hearing is necessary to determine the amount of damages is left to the discretion of the district court. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see also Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012). A court may issue an injunction on a motion for default judgment where Plaintiff demonstrates both that it is entitled to injunctive relief under the applicable statute and that it meets the prerequisites for issuance of an injunction. *See Kipling Apparel Corp. v. Boading Baigou Xincheng Younuo Trading Co.*, No. 1:18-CV-08333-ALC, 2019 WL 10960397, at *3 (S.D.N.Y. June 20, 2019) (internal citations and quotations omitted).

### III. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IS GRANTED.

#### A. Statutory Damages

The Report properly identifies § 1117(c) of the Lanham Act as the governing damages provision. (Report at 8.) That statute permits either (1) an award between $1,000 and $200,000 for each counterfeit mark; or (2) an award of up to $2,000,000 if the violation is willful. Section 1117(c)(2) "does not provide guidelines for courts to use in determining an appropriate award . . . as it is only limited by what the court considers just. To determine what is just, courts generally rely on the seven factors properly considered in the Report: (1) expenses saved and profits reaped by the defendant; (2) revenues lost by the plaintiff; (3) the value of the trademark; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant. *See Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 110, 117 (2d Cir. 1986).

Magistrate Judge Gorenstein analyzed those factors and considered the amount in damages Off-White has been awarded in previous litigation. (Report at 6-11.) Finding no clear error in the Report's conclusion, this Court adopts Magistrate Judge Gorenstein's recommendation that Off-White should be awarded statutory damages based on the following tiered structure, for a total of $25,650,000 as well as post-judgment interest:

| Statutory Damages Awarded Per Defendant | Range of Number of Sales Identified in eBay Discovery Response | Number of Defendants |
|---|---|---|
| $100,000 | n/a or 0 - 99 | 59 |
| $200,000 | 100 - 249 | 23 |
| $300,000 | 250 - 499 | 13 |
| $400,000 | 500 - 999 | 5 |
| $750,000 | 1,000 - 1,249 | 3 |
| $1,000,000 | 1,250 - 1,999 | 2 |
| $1,500,000 | 2,000 - 3,999 | 2 |
| $2,000,000 | 8,422 | 1 |

4

### B. Injunctive Relief

Magistrate Judge Gorenstein properly concluded that Plaintiff should be granted a permanent injunction with the same terms as the preliminary injunction previously issued. (Preliminary Injunction Order "PIO", ECF No. 20).

"A court may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." *Kingvision Pay-Per-View Ltd. v. Lalaleo*, 429 F. Supp. 2d 506, 516 (E.D.N.Y. 2006) (internal quotation marks and citation omitted). To obtain a permanent injunction, a plaintiff must show (1) irreparable harm, (2) that remedies available at law, such a monetary damages, are inadequate to compensate for that injury, (3) that the balance of hardships between the plaintiff and defendant warrants a remedy in equity, (4) public interest is not disserved by the permanent injunction. *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006) (citations omitted).

Here Magistrate Judge Gorenstein correctly reasoned that Off-White has alleged irreparable injury because there was a likelihood of confusion in the marketplace that could lead to diminished reputation and loss of sales based on Default Defendants' counterfeit products. (Report at 13.); *see Lobo Enters., Inc. v. Tunnel, Inc.*, 822 F.2d 331, 333 (2d Cir. 1987). Further, monetary damages will fail to fully provide Plaintiff with relief because the alleged conduct suggests that the Defaulting Defendants "might continue to engage in infringing activities and counterfeiting unless enjoined by the Court." *Rovio Entm't v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 547 (S.D.N.Y. 2015). As to the balance of the hardships and the public interest, "[i]t is axiomatic that an infringer . . . cannot complain about the loss of ability to offer its infringing product" and the "public has an interest in not being deceived." (Report at 13-14); *Rovio Entm't*, 97 F. Supp. 3d 547.

Thus, the terms of the PIO, filed June 28, 2018, should continue on a permanent basis against the Defaulting Defendants. As Magistrate Judge Gorenstein also correctly recommended, the pre-judgment asset restraint should continue post-judgment and those assets should be transferred to Plaintiff.

## IV. CONCLUSION

Plaintiff's motion for a default judgment, (ECF No. 38), is GRANTED. Judgment should be entered according to the below chart for a total of $25,650,000 plus post-judgment interest pursuant to 28 U.S.C. § 1961(a), a permanent injunction is set according to the terms of the PIO (ECF No. 20), and the pre-judgment asset restraint should continue post-judgment and those assets should be transferred to Plaintiff. The Clerk of Court is instructed to close case accordingly.

| Defaulting Defendant | Total Number of Counterfeit Products Sold as Identified in eBay's Discovery | Statutory Damages Awarded |
|---|---|---|
| 7hk6447 | n/a | $100,000.00 |
| beautiful-mom | n/a | $100,000.00 |
| dear-pet | n/a | $100,000.00 |
| springup2018 | 0 | $100,000.00 |
| zhoumengke1995_6 | 3 | $100,000.00 |
| 2012digital2012 | 5 | $100,000.00 |
| mcc1983_168-9 | 5 | $100,000.00 |
| yanqi07085 | 5 | $100,000.00 |
| lvying1118 | 7 | $100,000.00 |
| umyt8665 | 7 | $100,000.00 |
| cdf6632 | 8 | $100,000.00 |
| happy-shop-official | 8 | $100,000.00 |
| aqxmg | 9 | $100,000.00 |
| haili_zhao20179 | 9 | $100,000.00 |
| anfli789 | 10 | $100,000.00 |
| bethwoo5 | 10 | $100,000.00 |
| bhj456gd-9 | 10 | $100,000.00 |
| 7083898 | 11 | $100,000.00 |
| jiao392826gaiba956 | 11 | $100,000.00 |
| dpq55666 | 12 | $100,000.00 |
| nana0568 | 14 | $100,000.00 |
| gongxinfacai669 | 15 | $100,000.00 |
| prestige.shop | 15 | $100,000.00 |

| | | |
|---|---|---|
| zbj168_196566 | 16 | $100,000.00 |
| chenzhe3216 | 20 | $100,000.00 |
| pengqionghi | 20 | $100,000.00 |
| xiaobo9602keji | 22 | $100,000.00 |
| ganxiuzhi625 | 23 | $100,000.00 |
| cs8665 | 24 | $100,000.00 |
| vdg4566 | 24 | $100,000.00 |
| my_sunshine | 26 | $100,000.00 |
| ogakjg1984 | 26 | $100,000.00 |
| boqjkgas1984 | 30 | $100,000.00 |
| 13nic123 | 34 | $100,000.00 |
| baoyuge | 35 | $100,000.00 |
| daxinzi-0 | 35 | $100,000.00 |
| apun8866 | 37 | $100,000.00 |
| gqzh2015-16 | 47 | $100,000.00 |
| zhang20175-6 | 50 | $100,000.00 |
| evergreen01204 | 52 | $100,000.00 |
| csc5886 | 54 | $100,000.00 |
| dannaxie7 | 54 | $100,000.00 |
| babysanshine | 56 | $100,000.00 |
| shushu2015 | 59 | $100,000.00 |
| jinwezha0 | 60 | $100,000.00 |
| rise-uk*no.15 | 62 | $100,000.00 |
| buduanjinbu527 | 63 | $100,000.00 |
| jinbumeiyitian59 | 64 | $100,000.00 |
| kaisu2017 | 64 | $100,000.00 |
| cashuangbi_0 | 65 | $100,000.00 |
| uk*rise_aaaaa | 70 | $100,000.00 |
| 6014350 | 72 | $100,000.00 |
| lucklykhag | 73 | $100,000.00 |
| liuhaiping9205 | 74 | $100,000.00 |
| xinxiangshicheng666999 | 74 | $100,000.00 |
| ggshop2017 | 79 | $100,000.00 |
| viraclub | 79 | $100,000.00 |
| yueqi10066 | 91 | $100,000.00 |
| xiao.222 | 95 | $100,000.00 |
| lhj6869 | 101 | $200,000.00 |
| moonlight_gril | 104 | $200,000.00 |
| shangmei_882 | 106 | $200,000.00 |
| chunzhufs | 108 | $200,000.00 |
| better-saller | 111 | $200,000.00 |
| kacha240 | 114 | $200,000.00 |
| gdljchp2013 | 117 | $200,000.00 |
| cuiyong05189 | 126 | $200,000.00 |
| ti-mor | 126 | $200,000.00 |
| herryto | 129 | $200,000.00 |
| s-apollon | 132 | $200,000.00 |
| xingxing-diandeng | 140 | $200,000.00 |
| ckjames_68 | 155 | $200,000.00 |

| | | |
|---|---|---|
| song20170226 | 157 | $200,000.00 |
| zuohang | 158 | $200,000.00 |
| leaves001 | 169 | $200,000.00 |
| yuanwei1wei4 | 170 | $200,000.00 |
| janeeyve168 | 189 | $200,000.00 |
| happy-lifei | 207 | $200,000.00 |
| magic.room2015 | 219 | $200,000.00 |
| luokestore | 220 | $200,000.00 |
| thesuperprice | 221 | $200,000.00 |
| shenzhenresourse | 237 | $200,000.00 |
| 2014goodays | 255 | $300,000.00 |
| trustfulseller201088 | 311 | $300,000.00 |
| beautyshop66 | 333 | $300,000.00 |
| kuailegou168 | 333 | $300,000.00 |
| liangshulei | 352 | $300,000.00 |
| wangxin814 | 363 | $300,000.00 |
| hakka_hi | 366 | $300,000.00 |
| btt662 | 382 | $300,000.00 |
| timmy580 | 421 | $300,000.00 |
| simonsboutique | 441 | $300,000.00 |
| ebotten | 461 | $300,000.00 |
| srg886 | 483 | $300,000.00 |
| menstideclothing88 | 492 | $300,000.00 |
| alan-7618 | 625 | $400,000.00 |
| yuepingliu | 661 | $400,000.00 |
| leavesshop | 690 | $400,000.00 |
| alicecorporation2015 | 727 | $400,000.00 |
| longdragon2013 | 986 | $400,000.00 |
| junjun198709 | 1,022 | $750,000.00 |
| whjl168 | 1,170 | $750,000.00 |
| xuehua20170-7 | 1,234 | $750,000.00 |
| subx88 | 1,624 | $1,000,000.00 |
| chun967 | 1,805 | $1,000,000.00 |
| 2016bing66 | 2,926 | $1,500,000.00 |
| superstar*2012* | 3,997 | $1,500,000.00 |
| dreamy_fashion | 8,422 | $2,000,000.00 |
| Total: | | $25,650,000.00 |

Dated: New York, New York
      October 27, 2021

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

8